# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| **PEKIN INSURANCE COMPANY,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 24 cv 4197 |
| **LOWE'S HOME CENTERS, LLC, MADISON LANE BLAKE, and DANNY ROBERT BLAKE,** | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, PEKIN INSURANCE COMPANY, by its attorneys, Burgland Law, LLC, and for its Complaint for Declaratory Judgment against the Defendants, LOWE'S HOME CENTERS, LLC, MADISON LANE BLAKE, and DANNY ROBERT BLAKE, alleges the following:

### NATURE OF ACTION

1.   This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. Pekin Insurance Company ("Pekin") seeks a declaration that a policy of insurance it issued to Reed Construction LLC ("Reed") provides no coverage to Lowe's Home Centers, LLC ("Lowes") in connection with an arbitration that is currently pending before the American Arbitration Association.

### PARTIES

2.   Pekin is an Illinois insurance corporation which is organized under the laws of Illinois, with its principal place of business in Illinois.

3. Lowe's is a limited liability company organized under the laws of North Carolina. Lowe's managers, namely, Richard J. Goodman, David R. Green, Dan C. Griggs, David B. Hardy, Beth R. MacDonald, and Jill S. Miller, are citizens of North Carolina.

4. Madison Lane Blake and Danny Robert Blake (hereinafter "the Claimants") are citizens of Tennessee and they are the claimants in an arbitration currently pending before the American Arbitration Association, who are nominal but necessary parties to this declaratory judgment action and who have been joined herein solely to be bound by the judgment rendered in this cause although no specific relief is sought against them. In the event that the Claimants stipulate and agree to be bound by the judgment entered in this cause, then Pekin will move to voluntarily dismiss from this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has power to grant the relief sought by Pekin under 28 U.S.C. § 2201.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred here.

## THE PEKIN POLICY

8. Pekin Issued a Commercial Lines policy of insurance numbered CL0105465 to Reed as named insured for the policy period from June 9, 2022 to June 9, 2023. A true and correct copy of the Pekin policy is attached hereto as Exhibit 1.

9. The Pekin policy contains Form CG 00 01 1001, which provides, in part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

        **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

10. The Pekin policy defines certain terms as used in the aforesaid Insuring Agreement, namely, "bodily injury," "property damage," and "occurrence," as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*****

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

3

\*\*\*\*\*

"Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*\*\*

11.    The Pekin policy contains certain exclusions which are applicable to the claims asserted against Lowe's, which exclusions provide, in relevant part, as follows:

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \* \* \*

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    **(1)**    That the insured would have in the absence of the contract or agreement; or

    **(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury"

4

or "property damage" occurs subsequent to the execution of the contract or agreement. *****

\* \* \* \* \*

j. **Damage To Property**

"Property damage" to:

\* \* \* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors are working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \* \* \*

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\* \* \* \* \*

l. **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

5

    **m.**    **Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \* \* \*

12. The policy defines the term "your product," as follows:

"Your product"

    **a.**    Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

13.    The policy defines the term "your work," as follows:

"Your work"

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    The providing of or failure to provide warnings or instructions.

14.    The policy defines the term "impaired property" as follows:

"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

        **a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

        **b.**    Your fulfilling the terms of the contract or agreement.

15. The term "products-completed operations hazard" is defined as follows:

"Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one jobsite.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair, or replacement, but which is otherwise complete, will be treated as completed.

16. The Pekin policy contains an additional insured endorsement, Form CG 50 30 06 05, under which Lowe's qualifies as an additional insured but only with respect to vicarious liability for "bodily injury" or "property damage" imputed from Reed to Lowe's as a proximate result of Reed's ongoing operations performed for Lowe's during the policy period.

17. The Pekin additional insured endorsement expressly excludes liability for "bodily injury" or "property damage" arising out of or in any way attributable to the

claimed negligence or statutory violation of Lowe's, other than vicarious liability which is imputed to the Lowe's solely by virtue of the acts or omissions of Reed.

### THE SERVICES AGREEMENT

18. On January 14, 2021, Lowe's and Reed executed a Service Agreement under which Reed, as "Independent Contractor," agreed to perform installation and repair services for Lowe's customers. A true and correct copy of the Service Agreement is attached hereto as Exhibit 2.

19. In the Service Agreement, Reed agreed to add Lowe's as an additional insured on a commercial general liability policy.

### THE SALES CONTRACT

20. On or about March 12, 2021, Lowe's entered into an agreement with Dan Blake labeled "Illinois Services Solutions Installed Sales Contract," for certain services to be performed at 305 N. Henderson St., Alexis, Illinois. A true and correct copy of the Sales Contract is attached hereto as Exhibit 3.

21. Pursuant to the contract, Lowe's agreed to furnish and install five (5) Reliabilt 3500 double hung windows and one (1) Reliabilt 3500 twin casement window with screens and wrapped in white aluminum trim coil. Lowe's also agreed to furnish and install one (1) Reliability 3500 triple panel double hung window and one (1) Reliabilt 332 triple panel window with full screen. The contract total was $10,359.29, and the estimated completion date was July 15, 2021.

### THE UNDERLYING COMPLAINT

22. On March 11, 2024, the Claimants filed a complaint against "Lowe's Home

Centers, LLC, its Parent and All Subsidiaries and Affiliates thereof (Reed Construction)" as "Defendant." A true and correct copy of the complaint is attached hereto as Exhibit 4.

23. The underlying complaint sought damages in connection with services performed for the Claimants under their Sales Contract with Lowe's.

24. The Claimants alleged that "Defendant" breached the contract by failing to complete the project within two years and by Lowe's failing to file for arbitration after the Claimants requested it.

25. The Claimants further alleged that they were damaged by the delay because they were unable to sell their home in a "hot seller market."

26. In addition, the Claimants alleged that as a result of the delay, they incurred interest and payment on loan services, credit card debt plus interest, car payments, PMI for a new home in Tennessee, bills on their home in Illinois—all of which would not have been incurred had the house been sold.

27. The Claimants alleged that they suffered damages in the amount of $750,000 as well as emotional distress and unnecessary hardships.

28. The Claimants sought judgment in the amount of $3,750,000, including their pain and suffering for emotional distress and unnecessary hardship.

29. The underlying complaint was subsequently dismissed, and on June 26, 2024, Lowe's submitted a Demand for Arbitration with the American Arbitration Association with respect to the Claimants' dispute. A true and correct copy of the demand is attached hereto as Exhibit 5.

10

30. Lowe's tendered its defense of the Claimants' claims to Pekin, which tender Pekin refused for the reasons stated herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND LOWES)

31. Pekin adopts and repeats the allegations of ¶¶ 1 through 30 as and for ¶ 31 hereof as though the same were fully set forth herein.

32. Pekin contends that it has no duty or obligation to defend Lowe's in the underlying arbitration by reason of one or more of the following:

   (a) That the Claimants do not claim damages because of "bodily injury" or "property damage" caused by an "occurrence."

   (b) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion a.

   (c) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion b.

   (d) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion j.5.

   (e) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion j.6.

   (f) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion k.

   (g) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion l.

(h) That, alternatively, if the Claimants do claim "property damage" caused by an "occurrence," then such damage is excluded by Exclusion m.

(i) That the Pekin policy does not cover economic loss from an alleged failure to timely deliver a bargained-for product or service.

(j) That the Pekin policy only covers Lowe's with respect to vicarious liability for "bodily injury" or "property damage" imputed from Reed to Lowe's as a proximate result of Reed's ongoing operations performed for Lowe's, and the Claimants do not allege vicarious liability imputed from Reed to Lowe's.

33. The above contentions of Pekin are, on information and belief, denied by Lowe's, who, in turn, contends that Pekin owes a duty to defend Lowe's in the underlying arbitration. Pekin, in turn, denies the contrary contentions of Lowe's and each of them.

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, PEKIN INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Pekin Insurance Company owes no duty to defend Lowe's Home Centers, LLC, in the underlying arbitration which is currently pending before the American Arbitration Association.

B. That the Court grant Pekin Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Pekin Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

BURGLAND LAW, LLC

BY: */s/ Richard M. Burgland*
       Richard M. Burgland


Richard M. Burgland
IL Bar No. 6289146
BURGLAND LAW, LLC
89 N. Edgewood Ave.
La Grange, Illinois 60525
(773) 294-7743
rmb@burglandlaw.com
*Attorneys for Plaintiff*